UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REYA AREY,<br><br>     Plaintiff,<br><br> v.<br><br>NORTH SEATTLE COMMUNITY COLLEGE,<br><br>     Defendant. | CASE NO. 2:24-cv-00302-LK<br><br>ORDER TO SHOW CAUSE |

  This matter comes before the Court sua sponte on pro se Plaintiff Reya Arey's complaint. Dkt. No. 1. Ms. Arey alleges that she has been subjected to discrimination, harassment, and retaliation while working for North Seattle Community College. *Id.* at 1.

  Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution,

ORDER TO SHOW CAUSE - 1

laws, or treaties of the United States" or (2) where the parties are diverse (e.g., citizens of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(h)(3).

Here, Ms. Arey asserts that the Court has jurisdiction "[p]ursuant to 28 U.S.C. §§ 1391 and Article III of the Con[stitution] for the United States of America[.]" Dkt. No. 1 at 2. Section 1391 is a venue statute that does not supply a basis for subject matter jurisdiction. Article III of the U.S. Constitution grants federal courts authority to adjudicate cases or controversies, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc), but "district courts may not exercise jurisdiction absent a statutory basis," *Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746 (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)).

Section 1332(a)(1) requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of the defendants. *See Exxon Mobil Corp.*, 545 U.S. at 553 ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Because Ms. Arey is a citizen of Washington and brings this action against a Washington Defendant, Dkt. No. 1 at 2; Dkt. No. 1-1 at 1, she fails to establish subject matter jurisdiction under Section 1332.

Turning to Section 1331, a plaintiff's action "arises" under federal law when a federal law creates a particular cause of action or the plaintiff requests relief under a state law that requires the interpretation of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 1089 (cleaned up). In other words, for this Court to have subject matter jurisdiction over Ms. Arey's complaint pursuant

ORDER TO SHOW CAUSE - 2

to Section 1331, she must allege a federal question on the face of her properly pleaded complaint—i.e., allege the federal law or question implicated by her factual allegations. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

Ms. Arey's complaint does not include any federal question. The caption and footer of her complaint note "civil and constitutional right violations" and the complaint generally references "federal law" Dkt. No. 1 at 1, but the complaint does not include a federal statutory or constitutional claim. Although the Court must construe a pro se litigant's pleadings liberally, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), a plaintiff may not invoke the limited jurisdiction of federal courts "so simplistically" as to merely allege violations of the United States Constitution or "federal law." *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992); *see also Thompson v. Reed*, No. 6:22-CV-00600-AA, 2023 WL 4686103, at *3 (D. Or. July 21, 2023) ("A plaintiff's bare citation to the Constitution and vague and conclusory allegations fail to establish the requisite subject matter jurisdiction[] under the well-pleaded complaint rule." (quotation marks and citation omitted)). Ms. Arey's complaint does allege a violation of the Washington Law Against Discrimination ("WLAD"), but this arises under state law, not federal law. Wash. Rev. Code § 49.60. Accordingly, Ms. Arey's complaint does not establish subject matter jurisdiction.

Ms. Arey is thus ORDERED TO SHOW CAUSE why her complaint should not be dismissed for lack of subject matter jurisdiction. Ms. Arey shall, within thirty (30) days of the date of this Order, file an amended complaint that (1) provides a short and plain statement of the factual basis for each of the claims against each defendant as required by Federal Rule of Civil Procedure 8, and (2) identifies the basis for the Court's subject matter jurisdiction. Such amended complaint operates as a complete substitute for an original pleading. *See Ferdik*, 963 F.2d at 1262. For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the

specific facts that Ms. Arey believes support each claim, and the specific relief requested. If a proper amended complaint is not filed within thirty (30) days of the date of this Order, the complaint will be dismissed without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Ms. Arey at her last known address.

Dated this 8th day of May, 2024.

Lauren King
United States District Judge