UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REYA AREY,<br><br>                  Plaintiff,<br>     v.<br><br>NORTH SEATTLE COMMUNITY COLLEGE,<br><br>                  Defendant. | CASE NO. 2:24-cv-00302-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS |

This matter comes before the Court on Plaintiff Reya Arey's Motion for Dismissal Without Prejudice. Dkt. No. 36. For the reasons set forth below, the Court grants the motion in part and denies it in part.

### I.     BACKGROUND

Ms. Arey filed her complaint in this Court on March 5, 2024. Dkt. No. 1. After the Court issued an order to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction, Dkt. No. 9, she filed a timely amended complaint, Dkt. No. 10. The amended complaint asserts claims under Title VII of the Civil Rights Act of 1964 for discrimination and

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS - 1

1  retaliation. *Id.* at 3. Specifically, Ms. Arey contends that she has "has been an employee in good
2  standing at [North Seattle Community College ("NSCC")] for over two decades with an excellent
3  track record of quality work" in her custodial job, but after she provided a statement in support of
4  a coworker's retaliation claim, she herself was retaliated against. *Id.* at 2. She also alleges that she
5  has experienced race and/or national origin discrimination as an "African whose national origin is
6  Eritrean." *Id.*

7  In September 2025, both parties filed motions to compel discovery. Dkt. Nos. 23, 24. The
8  Court denied Ms. Arey's motion to compel because she did not meet and confer with NSCC as
9  required before filing her motion. Dkt. No. 35 at 2 (citing Fed. R. Civ. P. 37(a)(1) and LCR
10 37(a)(1)). The Court granted NSCC's motion to compel in part, noting that Ms. Arey could not
11 compel NSCC to provide an interpreter for her deposition, ordering the parties to attempt to agree
12 on the type of interpreter to be employed for the deposition, and extending the discovery deadline
13 to November 10, 2025 solely for the purpose of allowing NSCC to take Ms. Arey's deposition. *Id.*
14 at 4–6, 9. This motion followed approximately three weeks later. Dkt. No. 36.

15                                    **II.   DISCUSSION**

16 **A.    Legal Standard**

17 Where, as here, a plaintiff requests voluntary dismissal after the opposing party has
18 answered, the action may be dismissed "only by court order, on terms that the court considers
19 proper." Fed. R. Civ. P. 41(a)(2). "Where the request is to dismiss without prejudice, a District
20 Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can
21 show that it will suffer some plain legal prejudice as a result." *Kamal v. Eden Creamery, LLC*, 88
22 F.4th 1268, 1279 (9th Cir. 2023) (citation modified). "Legal prejudice" means "prejudice to some
23 legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*,
24 100 F.3d 94, 97 (9th Cir. 1996). "Uncertainty because a dispute remains unresolved" or "the threat

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS - 2

of future litigation which causes uncertainty" are insufficient to demonstrate legal prejudice. *Id.* at 96–97. Furthermore, "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice[.]" *Kamal*, 88 F.4th at 1280 (quoting *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). The Court has discretion to condition dismissal without prejudice on the payment of costs and fees. *See, e.g.*, *Westlands Water Dist.*, 100 F.3d at 97. However, a defendant is entitled only to recover fees or costs for work which is not useful in continuing litigation between the parties. *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

Ms. Arey moves to dismiss this case without prejudice or costs. Dkt. No. 36 at 1. In response, NSCC requests that the Court dismiss with prejudice or order voluntary dismissal with the following terms: "Ms. Arey must pay Defendant's costs for seeking to compel her deposition that she avoided, and Ms. Arey must be required to pay for half the cost of any mediation in any future litigation." Dkt. No. 37 at 6. It contends that these terms are warranted because "Ms. Arey's request for dismissal could and should be viewed as a failure to obey multiple orders of the Court." *Id.* at 2. Ms. Arey responds that the Court should not impose terms because "[s]he is exhausted from the litigation and seeks it to end," and "[t]he Court should not require [her] to sit for her deposition—in English, without an interpreter—merely to give the Defendant an opportunity to obtain a dismissal with prejudice or give the Defendant an opportunity to seek costs against Plaintiff were the Defendant to prevail on summary judgment." Dkt. No. 39 at 2–3.

The Court agrees with NSCC that the costs associated with its motion to compel—which will not result in the awarded relief if Ms. Arey is permitted to dismiss her complaint—cannot be used in any future litigation of the same claims. After struggling for a significant amount of time to schedule Ms. Arey's deposition, NSCC had to file a motion to compel. Dkt. No. 24. In the resulting October 3, 2025 order, the Court required Ms. Arey to appear for her rescheduled deposition by November 10, 2025. Dkt. No. 35 at 9. NSCC intended to use the deposition to move

for summary judgment by the November 10, 2025 deadline—a fact made known to Ms. Arey's representative. Dkt. No. 37-1 at 2. But instead of complying with the Court order (as she was obligated to do despite her pending motion, *see* LCR 7(j)), Ms. Arey did not attend her October 21, 2025 deposition and—after a year and a half of litigation—filed a motion to voluntarily dismiss on October 23, 2025. Dkt. No. 36; *see also* Dkt. No. 37-1 at 2, 5. That motion was not noted for the Court's consideration until 10 days after the deadline to participate in her deposition. Dkt. No. 36. The Court notes that absent voluntary dismissal, Ms. Arey's failure to attend her court-ordered deposition would have provided grounds for NSCC to move for dismissal with prejudice under Federal Rule of Civil Procedure 37(b)(2)(A)(v). *Cf. Kurin, Inc. v. Magnolia Med. Techs., Inc.*, No. 21-55025, 2021 WL 5823707, at *2 (9th Cir. Dec. 8, 2021) ("[A] district court should consider whether to dismiss a party's claims under Rule 41 *with*, rather than without, prejudice when the moving party seeks to dismiss its claims to avoid a near-certain adverse ruling."). In addition, NSCC incurred the expenses associated with its motion to compel so that this matter could be resolved on its merits, and litigation had progressed to nearly its end stage by the time Ms. Arey filed her motion. Thus, conditioning a dismissal without prejudice on payment of reasonable fees and costs associated with the motion to compel is warranted. *Cf. Biden v. Ziegler*, No. 2:23-CV-07593-HDV-KS, 2025 WL 1720182, at *2 (C.D. Cal. Mar. 13, 2025) (finding that defendants were prejudiced when plaintiff sought voluntary dismissal without prejudice on the eve of his deposition). However, the Court does not agree with NSCC that Ms. Arey should be required to pay half of any mediation costs in a future litigation; any such mediation would be useful in future proceedings.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Ms. Arey's Motion for Dismissal Without Prejudice. Dkt. No. 36. If she wishes to dismiss this case

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS - 4

without prejudice, she must pay NSCC's reasonable costs and expenses associated with its motion to compel. Alternatively, she may voluntarily dismiss the case with prejudice or proceed to litigate this matter. So that Ms. Arey can make an informed decision, NSCC must file a notice of its *reasonable* fees and costs by December 10, 2025. Ms. Arey must notify the Court of her decision by December 24, 2025.

Dated this 3rd day of December, 2025.

*Lauren King*
Lauren King
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS - 5