UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REYA AREY,<br><br>                Plaintiff,<br>    v.<br><br>NORTH SEATTLE COMMUNITY COLLEGE,<br><br>                Defendant. | CASE NO. 2:24-cv-00302-LK<br><br>ORDER NOTIFYING PLAINTIFF OF THE AMOUNT OF REASONABLE ATTORNEY'S FEES |

      This matter comes before the Court on its prior order stating that if Mr. Arey "wishe[d] to dismiss this case without prejudice, she must pay NSCC's reasonable costs and expenses associated with its motion to compel" her deposition; alternatively, she could "voluntarily dismiss the case with prejudice or proceed to litigate this matter." Dkt. No. 40 at 4–5. So that Ms. Arey could make an informed decision regarding the amount of NSCC's fees, the Court ordered NSCC to file a notice of its reasonable fees and costs. *Id.* at 5.

      NSCC subsequently filed a notice indicating that its fees and costs associated with its motion to compel total $2,301, which represents seven hours of attorney time at an hourly rate of

1 | $293, and two hours of paralegal time at an hourly rate of $125. Dkt. No. 41 at 4. NSCC further
2 | states that its counsel spent an additional two hours on the portion of the motion to compel that
3 | asked the Court to compel Ms. Arey's Rule 35 examination, but because that request was not
4 | granted, it did not include those two hours in its final calculation of fees. *Id.* at 3; *see also* Dkt. No.
5 | 24 (motion to compel); Dkt. No. 35 (order granting motion to compel in part).

6 |       To determine a reasonable fee, the Court uses the "lodestar" method, which involves
7 | multiplying the number of hours reasonably expended on the motion by a reasonable hourly rate.
8 | *See, e.g.*, *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). In calculating the
9 | lodestar figure, the Court may enhance or reduce the lodestar figure based on consideration of any
10 | of the relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975),
11 | *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). *See Fischer v.*
12 | *SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).

13 |       The Court finds that the hourly rates for NSCC's attorney and paralegal are reasonable in
14 | light of the rates typically charged in this community. *See Camacho v. Bridgeport Fin., Inc.*, 523
15 | F.3d 973, 979 (9th Cir. 2008) (noting that the relevant community is the forum in which the court
16 | sits). As for the number of hours expended, a court can reduce the number of hours claimed by a
17 | party "if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City*
18 | *of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986); *see also Kerr*, 526 F.2d at 70 (noting that
19 | courts can consider the results obtained when awarding fees). The Court also finds that NSCC
20 | expended a reasonable number of hours on its motion to compel, and has appropriately excluded
21 | the two hours it spent briefing the unsuccessful request to compel a Rule 35 examination. The
22 | Court accordingly finds that a reasonable attorney's fee for briefing the motion to compel is
23 | $2,301, representing seven hours of attorney time at a rate of $293 per hour and two hours of
24 | paralegal time at a rate of $125 per hour.

ORDER NOTIFYING PLAINTIFF OF THE AMOUNT OF REASONABLE ATTORNEY'S FEES - 2

As previously ordered, Dkt. No. 40 at 5, Ms. Arey must notify the Court of how she would like to proceed by December 24, 2025.

Dated this 9th day of December, 2025.

*Lauren King*

Lauren King
United States District Judge

ORDER NOTIFYING PLAINTIFF OF THE AMOUNT OF REASONABLE ATTORNEY'S FEES - 3